IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AUSTIN SETTLEMENT, L.P. § | |
| *As assignee of Texas Community Bank, N.A.* § | |
| § | CIVIL ACTION 4:11-CV-00655 |
| vs. § | |
| § | |
| M/V *NEFTEGAZ*, her engines, tackle, § | |
| appurtenances, etc., *in rem* and § | |
| WILLIAM C. KELLEHER, *in personam* § | |

## AUSTIN SETTLEMENT'S RESPONSE TO KELLEHER'S MOTION FOR RELIEF UNDER F.R.C.P. 60(b)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, **AUSTIN SETTLEMENT, L.P.**, filing its response to the motion of William C. Kelleher for relief from this Court's former judgment in this case pursuant to F.R.C.P. 60(b)(6).

I.  **Summary of Argument.**

Austin Settlement purchased the subject judgment and related indebtedness from Texas Community Bank, N.A. ("Bank") in June, 2013, and therefore, played no part and has no direct knowledge of the events regarding the disposition of the vessel in this case. Based on Austin Settlement's investigation, and based on information and belief at this juncture, it appears Kelleher's recitation that the vessel was purchased by the Bank that shortly after the purchased the vessel at a marshal's sale in September, 2011 for $10,000 is accurate. The Bank apparently was in possession of an appraisal of the vessel at that time in the amount of $450,000. The Bank then resold the vessel in June, 2012 through a commercial brokerage for $380,000. No credit was been given by the Bank to Kelleher for the proceeds of this subsequent sale.

While Austin Settlement's position is that Kelleher does not qualify for relief under F.R.C.P. 60(b)(6), it is, nonetheless, willing to recalculate the amount due giving Kelleher credit for the amount realized by the Bank at the subsequent sale.

II.     Relief under F.R.C.P. 60(b)(6)

Relief under F.R.C.P. 60(b)(6) is an extraordinary remedy and its confines have been narrowly defined by the Supreme Court.

> "Rule 60(b)(6) goes further, however, and empowers the court to reopen a judgment even after one year has passed for 'any other reason justifying relief from the operation of the judgment.' . . . thus **a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after the judgment by resorting to subsection (6).** *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, and n. 11, 108 S.Ct. 2194, 2205 n. 11, 100 L.Ed.2d 855 (1988). **To justify relief under subsection (6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay.** See *ibid.*; *Ackerman v. United States*, 340 U.S. 193, 197–200, 71 S.Ct. 209, 211–213, 95 L.Ed. 207 (1950); *Klapprott v. United States*, 335 U.S. 601, 613–614, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable." *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership* (In re Pioneer Investment Services Co.), 507 U.S. 380, 392, 113 S.Ct. 1489, 1496, 123 L.Ed.2d 74 (1993) (emphasis added.)

Kelleher own affidavit clearly shows that he was less than diligent in protecting his rights in this case and, in particular with respect to the sale. And contrary to Kelleher's affidavit testimony that he did not received any notices regarding the case, Austin Settlement believes testimony at the hearing will reflect the Bank's counsel served copies of all the papers in this case to the address provided by the Kelleher. Because Kelleher was hardly "faultless" in failing to seek relief within one year of the date of the judgment, he should be denied any relief under F.R.C.P. 60(b)(6).

III.    Recalculation of Amount Due

Notwithstanding the Kelleher is not entitled to any relief pursuant to F.R.C.P. 60(b)(6), Austin Settlement is in the process of recalculating the amount due after allowing a credit to Kelleher for the proceeds from the sale of the vessel in June, 2012. Based on the information that Austin Settlement currently has available it is clear that balance still due, after a credit for the sale proceeds, will still be well in excess of $400,000.

WHEREFORE, SAID PREMISES CONSIDERED, Austin Settlement respectfully requests the Court deny Kelleher's motion for relief pursuant to F.R.C.P. 60(b)(6) and grant its motion for turnover.

Respectfully submitted,

THE CAMBERG LAWFIRM, P.C.

Roy Camberg
State Bar No. 03674595
Fed. Court Id. No. 13943
17225 El Camino Real, Suite 444
Houston, Texas 77058
Telephone:     (281) 486-6900
Facsimile:     (281) 486-4695

OF COUNSEL:
William E. King
State Bar No. 11434500
11811 Brantly
Houston, Texas 77034
Telephone:     (713) 254-8989
Facsimile:     (713) 484-8184

Certificate of Conference

Counsel for Austin Settlement and Kelleher have conferred on several occasions regarding a potential resolution of this matter and will continue to do so, but at this time have not been able to reach an agreement.

_____
Roy Camberg

Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been forward pursuant to the Federal Rules of Civil Procedure on December 9, 2013 to the following:

S. Loyd Neal, III
Dunn, Neal & Gerger
3006 Brazos Street
Houston, Texas 77006

_____
Roy Camberg